UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23047-Civ-WILLIAMS/TORRES

MARK LONGHI, an individual,

 Plaintiff,

v.

AMG FINANCIAL GROUP, INC.,
a Florida corporation and GARY
GRUENBERG, an individual,

 Defendants.
_____/

REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS

This matter is before the Court on Mark Longhi's ("Plaintiff") motion for contempt and sanctions against AMG Financial Group, Inc. ("AMG"). [D.E. 41]. Gary Gruenberg ("Mr. Gruenberg") filed a response in opposition on November 20, 2020 [D.E. 43] to which Plaintiff did not reply and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion for contempt and sanctions should be **DENIED**.[1]

---

[1]  On November 10, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 42].

1

## *I. FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed this action on July 22, 2019, alleging that, on June 20, 2019, Plaintiff entered into a contract with AMG and Mr. Gruenberg (collectively, "Defendants"). [D.E. 1]. The contract stated that Plaintiff agreed to pay over $400,000 in exchange for 300 gold coins. Plaintiff alleges that he complied with his end of the bargain, but that AMG engaged in a scheme to defraud. Plaintiff claims, for instance, that AMG improperly mixed silver coins with gold coins to create the appearance that the contract had been fulfilled. Because of this deceptive practice, Plaintiff filed this action for (1) conversion, (2) civil theft, (3) breach of contract, (4) violation of the Florida Deceptive and Unfair Trade Practices Act, (5) a petition for restraining order, and (6) declaratory relief under Fla. Stat. § 501.211.[2]

On August 14, 2019, Plaintiff effectuated service of process on AMG. When AMG failed to appear or otherwise answer Plaintiff's complaint, the clerk of court entered default against AMG. The Court then directed Plaintiff to file a motion for entry of final default judgment against AMG on or before December 20, 2019. Because Plaintiff complied with that directive [D.E. 23] and AMG failed to defend this case, Plaintiff sought final default judgment against AMG.

On January 24, the undersigned issued a Report and Recommendation ("R&R"), finding that final judgment should be entered and that Plaintiff should recover $112,320 in damages for AMG's breach of contract. [D.E. 30]. The R&R

---

[2]   Plaintiff alleges that AMG only shipped 220 of the 300 gold coins.

also determined that Plaintiff should recover fees under FDUPTA and gave Plaintiff fourteen days to submit a sworn affidavit that included the hourly rates and the time expended on the case. The Court adopted the R&R on February 27, 2020 [D.E. 32] and Plaintiff filed his motion for fees on March 13, 2020. [D.E. 37].

On April 10, 2020, the undersigned issued another R&R, recommending that Plaintiff's motion for fees be granted in part and denied in part with a total fee award of $12,320. [D.E. 39]. The Court adopted that R&R on May 12, 2020 [D.E. 40] and Plaintiff has now filed a motion for sanctions and contempt that is ripe for disposition. [D.E. 41].

## *II. APPLICABLE PRINCIPLES AND LAW*

Courts may impose sanctions for litigation misconduct upon a finding of bad faith. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1306 (11th Cir. 2009) ("The key to unlocking a court's inherent power is a finding of bad faith."). A court may exercise its inherent powers "even if procedural rules exist which sanction the same conduct." *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995). However, a court must exercise its inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). "A party demonstrates bad faith by, *inter alia,* delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians,* 561 F.3d at 1306. "Without a 'smoking gun' statement from the plaintiff, . . . a district court makes a determination of bad faith by drawing inferences from the conduct before

3

it." *Byrne v. Nezhat,* 261 F.3d 1075, 1125 (11th Cir. 2001). The court's sanctioning power is therefore broad in scope as it includes "the ability to impose civil and criminal contempt." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994)); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority only in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior 'in the magistrate judge's presence so as to obstruct the administration of justice,' 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties." 28 U.S.C. §§ 636(e)(3), (4). Otherwise, if one has committed an act constituting a civil contempt in a proceeding before the magistrate judge, a certification procedure is used[.]" *Martinez-Garcia v. Perez,* 2013 WL 5606366, at *3 (S.D. Ga. Oct. 11, 2013).

Generally speaking, this means that "[a]bsent full consent of all parties pursuant to 28 U.S.C § 636(c), '[m]agistrate judges must refer contempt proceedings

4

stemming from out-of-court action/inaction to district court judges.'" *Parenteau v. Prescott Unified Sch. Dist.*, 2010 WL 729101, at *3 (D. Ariz. Mar. 2, 2010) (quoting *Wilhelm v. Yott,* 2009 WL 2244178, * 3 (E.D. Cal. 2009)); *see also Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010), *Report and Recommendation adopted*, 2010 WL 2978080 (S.D. Fla. July 26, 2010) ("Under 28 U.S.C. § 636(e) . . . a magistrate judge may not exercise the contempt power of the district court. Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts.").

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a prime facie case of contempt. "To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Brother*, 2010 WL 2978077, at *2 (citing *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000); *Citronelle Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991)). After the movant meets his initial burden, the burden shifts to the alleged contemnor to explain the noncompliance. "To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to

5

comply with the court's order, compliance was impossible." *Brother*, 2010 WL 2978077, at *2 (citing *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir. 1989); *United States v. Rylander,* 460 U.S. 752, 756–57 (1983); *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir. 1984)). Upon a sufficient showing by the alleged contemnor, the burden shifts back to the moving party to prove an ability to comply. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986) ("The party seeking the contempt citation retains the ultimate burden of proof").

### III. ANALYSIS

Plaintiff's motion seeks a finding of contempt and sanctions against AMG because the latter is in direct violation of a court order that enjoined AMG from continuing a deceptive trade practice. [D.E. 30 at 13-14 ("We therefore recommend that Plaintiff's motion for final default judgment on count four be GRANTED and that AMG be enjoined from continuing a deceptive practice.")]. Plaintiff claims that AMG violated a court order when Mr. Gruenberg promoted the company on his personal website. Plaintiff also complains about a Yahoo.com article, where it discusses Mr. Gruenberg's personal pursuit of gold and precious metals. Because there is an ongoing effort on the part of Mr. Gruenberg to promote his expertise with gold, Plaintiff requests that the Court enjoin all of his marketing activities and impose fees and costs for violating a court order.

The most obvious reason that Plaintiff's motion should be denied is because it seeks a finding of contempt and sanctions against AMG, but fails to identify how the

6

company has done anything to violate a court order. Instead, Plaintiff complains solely about the personal actions of Mr. Gruenberg. The problem is that Plaintiff never explains why AMG should be penalized for Mr. Gruenberg's actions. Indeed, when reviewing Plaintiff's motion, there is nothing connected to AMG other than Mr. Gruenberg's decision to reference the company on his personal website. It is therefore unclear how any sanctions could be imposed against AMG for the actions that Mr. Gruenberg took on his own personal behalf. And it is equally unclear how Plaintiff could suggest that AMG should be penalized for these actions when Plaintiff dismissed all of its claims against Mr. Gruenberg on February 28, 2020. [D.E. 33].

Putting aside that problem and assuming that AMG could be liable for the actions of Mr. Gruenberg, the motion also fails because it is conclusory and fails to rely on any evidence in support of its position. Plaintiff mentions, for example, in one short paragraph that Mr. Gruenberg's website promotes his business dealings in the gold industry. Plaintiff then references a Yahoo.com article and concludes that this constitutes additional evidence of Mr. Gruenberg violating a court order. Other than the links provided in the motion, Plaintiff never goes any further in explaining how any of this violates a court order or constitutes a deceptive trade practice. All that Plaintiff says is that "[t]he final judgment was clear," that AMG "was enjoined from continuing any deceptive practices," and that AMG "violated the order," without ever explaining how it did so. [D.E. 41 at 3]. That is not

7

compelling and comes nowhere close to meeting the burden that is required of a movant to seek sanctions and a finding of contempt. Accordingly, Plaintiff's motion for contempt and sanctions should be **DENIED**.

### *IV. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for contempt and sanctions should be **DENIED**. [D.E. 41].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 1st day of December, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

8